# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRETT CAREY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| MIDLAND CREDIT ) | **COMPLAINT AND DEMAND FOR** |
| MANAGEMENT, INC. AND ) | **JURY TRIAL** |
| MIDLAND FUNDING, LLC, ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendants ) | |

## COMPLAINT

BRETT CAREY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC ("Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Middleboro, Massachusetts 02346.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a debt collection company with its headquarters located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

8. MCM collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. MCM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a debt from Plaintiff.

10. Defendant MIDLAND FUNDING, LLC ("Midland") is a debt collection company with its headquarters located at 8875 Aero Drive, Suite 200,

San Diego, CA 92123.

11.     Midland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

12.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     At all relevant times, Defendants were attempting to collect an alleged consumer debt regarding a GE Money Bank account.

14.     The debt arose out of transactions that were primarily for personal, family, or household purposes.

15.     Beginning in or around January 2013, and continuing through July 2013, MCM continuously and repeatedly contacted Plaintiff on his home telephone in its attempts to collect a debt.

16.     MCM called Plaintiff's home telephone number, on average, once a day, sometimes calling as frequently as three (3) times a day.

17.     During the relevant period, MCM used the quantity and timing of its collection calls as a means to harass Plaintiff.

18.     On numerous occasions, when the parties spoke, Plaintiff instructed MCM to stop calling him.

19. Despite this request, MCM continued to call Plaintiff on a repetitive and continuous basis.

20. Upon information and belief, MCM called Plaintiff on a repetitive and continuous basis with the intent of harassing him, as the content of calls did not change and Defendant had been notified that the calls were unwanted.

21. Defendants took the above described actions with the intent to harass and abuse Plaintiff.

## DEFENDANTS VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

22. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy,

abuse, or harass any person at the called number.

c. Here, Defendants violated §§ 1692d and 1692d(5) of the FDCPA by continuously calling Plaintiff up to three times per day, nearly every day for months, with the intent to annoy, abuse and harass Plaintiff. Further, Defendants violated § 1692d by continuing to call Plaintiff after having been instructed by Plaintiff to stop calling.

## COUNT II

23. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

  a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

  b. Here, Defendants violated § 1692f of the FDCPA by failing to update its records to stop calling Plaintiff after having been instructed to do so.

WHEREFORE, Plaintiff, BRETT CAREY, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRETT CAREY, demands a jury trial in this case.

          RESPECTFULLY SUBMITTED,

Date: December 31, 2013   By: /s/ Craig Thor Kimmel
           CRAIG THOR KIMMEL
           BBO# 662924
           Kimmel & Silverman, P.C.
           30 E. Butler Pike
           Ambler, PA 19002
           Phone: (215) 540-8888 ext. 148
           Fax: (877) 788-2864
           Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT